IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THOMAS MCREYNOLDS, | ) | CASE NO. 16-33382-DHW |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
[Internal Revenue Service]

Comes now the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) to object to Confirmation of the Debtor's Chapter 13 Plan, and as grounds states as follows:

1. On November 29, 2016, Debtor filed for Chapter 13 relief. Debtor's Plan is set for confirmation in Montgomery, Alabama on February 13, 2017. [Docs. 1, 9].

2. On December 6, 2016, the Service filed a Proof of Claim, for a total amount of $27,653.86 of which $5,665.85 was classified as unsecured priority and $21,988.01 was classified as unsecured general. [Claim 1-1].

3. Debtor's current Plan fails to make full provision to pay the Service's priority claim. [Doc. 2]. The Service objects to this lack of full payment and requests that the plan provide for equal monthly payments to the Trustee to amortize the priority debt to the Service.

4. Further, Debtor has unfiled tax returns for tax years 2012, 2013, and 2014. Pursuant to 11 U.S.C. § 1308 Debtor is required to file "all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." Debtor has not complied with the filing provision.

5. The priority claims of the United States must be paid in full in a Chapter 13 case unless it agrees to contrary treatment. 11 U.S.C. §§ 1322(a)(2); 1325(a)(1); In re Morgan, 182 F.3d 775, 777 (11th Cir. 1999); In re Escobedo, 28 F.3d 34, 35 (7th Cir. 1994); Ekke v. United States, 133 B.R. 450, 452-53 (S.D. Ill, 1991)(Revocation of confirmation affirmed as plan did not provide for full payment of priority claim); In re Jackson, 189 B.R. 206, 211 (Bankr. M.D. Ala, 1994). As the statute uses the word "agree", only an express agreement by the priority creditor allows a Court to confirm a plan with less than full payment. In re Ferguson, 26 B.R. 672, 673 (Bankr. S.D. Ohio, 1982).

WHEREFORE, the United States prays that this Court withhold confirmation of the Debtor's Chapter 13 Plan until Debtor files the required tax return and the plan is amended to provide for full payment of the priority claim of the Service through the Chapter 13 Trustee, pursuant to Title 11 U.S.C. §1322(a)(2).

Respectfully submitted this the 7th day of February, 2017.

                        GEORGE L. BECK, JR.
                        UNITED STATES ATTORNEY

                        /s/DeAnne M. Calhoon
                        DeAnne M. Calhoon (CAL065)
                        Assistant United States Attorney

U.S. Attorney's Office
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101
Telephone: 334-551-1714
Facsimile: 334-223-7201
DeeDee.Calhoon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of February, 2017, I served a copy of the foregoing document, Objection to Confirmation, on all parties listed below by the methods stated:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
[electronic filing]

Sabrina L. McKinney
Acting Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101
[electronic filing]

Joshua C. Milam
Shinbaum & Campbell
566 S. Perry Street
Montgomery, AL 36104
[electronic filing]

Thomas McReynolds, Jr.
974 Freedom Road
Lowndesboro, AL 36752
[United States Postal Service]

/s/DeAnne M. Calhoon
Assistant United States Attorney